AO 91 (Rev. 11/11)  Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original   ☐ Duplicate Original

**LODGED**
CLERK, U.S. DISTRICT COURT
2/14/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ASI_____ DEPUTY

# UNITED STATES DISTRICT COURT
for the

Central District of California

**FILED**
CLERK, U.S. DISTRICT COURT
02/15/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____KL_____ DEPUTY

United States of America

v.

OMAR PULIDO BASTIDA,
aka "Omar Pulido,"

Defendant.

Case No.  2:25-mj-00753-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, Daniel Serrato, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about the date of May 1, 2021, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § § 1326(a) | Illegal Alien Found in the United States Following Deportation or Removal |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

_____
*/s/ Daniel Serrato*
*Complainant's signature*

_____
Daniel Serrato, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:    February 15, 2025

*Judge's signature*

City and state:   Los Angeles, California

Hon. Alicia G. Rosenberg, U.S. Magistrate Judge
*Printed name and title*

AUSA: Nicholas G. Purcell (x3752)

## AFFIDAVIT

I, Daniel Serrato, being duly sworn, declare and state as follows:

### I. PURPOSE OF AFFIDAVIT

1.     This affidavit is made in support of a criminal complaint and arrest warrant against Omar Pulido Bastida, also known as "Omar Pulido" ("PULIDO"), charging him with violating Title 8, United States Code, Sections 1326(a), Illegal Alien Found in the United States Following Deportation.[1]

2.     The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II. BACKGROUND OF SPECIAL AGENT DANIEL SERRATO

3.     I am a Special Agent ("SA") with Homeland Security Investigations ("HSI"), a component of Immigration and Customs Enforcement ("ICE") within the United States Department of Homeland Security ("DHS"). I have been an SA with HSI since

---

[1] A complaint was previously filed against PULIDO on March 1, 2022. *See* ECF Case No. 2:22-mj-00834-DUTY. It was dismissed without prejudice on September 20, 2023. *See* Dkt. No. 5.

April 2023. I am currently assigned to the Riverside field
office.

### III. <u>STATEMENT OF PROBABLE CAUSE</u>

4.    On or about May 1, 2021, the Law Enforcement Support
Center ("LESC")[2] received information that the Los Angeles Police
Department ("LAPD") encountered PULIDO during a traffic stop, as
a passenger in the vehicle. According to the LAPD officer who
called the LESC, information was given to the LESC that PULIDO
was then residing at an address on Paloma Street, Los Angeles,
California 90011.

5.    Based on the law enforcement information provided to
LESC, on or about May 6, 2021, Supervisory Detention and
Deportation Officer ("SDDO") Rogelio Gudino conducted
surveillance at the Paloma Street address in Los Angeles,
California. The SDDO observed a man matching PULIDO's
description standing outside of the residence.

6.    SDDO Gudino compared the physical descriptors of Omar
Pulido Bastida and the photographs in the DHS A-File to the man
that SDDO Gudino saw while conducting surveillance on or about
May 6, 2021, at the Paloma Street address in Los Angeles,
California. Based on that comparison, SDDO Gudino made a
positive identification between the photographs in the DHS A-
File and the man he saw standing outside and thus determined

---

[2] The LESC is a national enforcement operations facility
administered by ICE. The center is a single national point of
contact that provides immigration status, identity information,
and real-time assistance to local, state, and federal law
enforcement agencies on aliens suspected, arrested, or convicted
of criminal activity.

that DHS A-File A208-081-994 and its contents correspond to PULIDO, a previously deported criminal alien.

7.   On or about May 13, 2021, Deportation Officer ("DO") Minerva Bolivar obtained and reviewed the DHS A-File A208-081-994, which is maintained for the subject alien "Omar Pulido Bastida." ERO had previously determined that this DHS A-file and its contents belong to PULIDO based on the surveillance and physical in-person comparison conducted on or about May 6, 2021, to the photographs in the A-file. Upon obtaining and reviewing the A-file, DO Bolivar stated in a sworn affidavit that it contained the following documents and information:

a.   Photographs of the subject alien to whom DHS A-File A208-081-994 corresponds.

b.   One executed Warrant of Removal/Deportation (Form I-205) indicating that PULIDO was officially removed from the United States on or about December 6, 2017. I know from my training and experience that a Warrant of Removal/Deportation is executed each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint.

c.   A certified conviction record showing that PULIDO was convicted on or about September 10, 2014, of Second Degree Robbery, in violation of California Penal Code 211, in the Superior Court of the State of California, County of Los Angeles, Case Numbers TA129621, in which PULIDO was sentenced to 5 years' imprisonment. Based on my knowledge and understanding

of immigration law, this is an aggravated felony conviction because it is a crime of theft for which the term of imprisonment is at least one year.

       d.   Various documents, in addition to the Warrant of Removal/Deportation, indicating that PULIDO is a native and citizen of Mexico. These documents included: (i) a Final Administrative Removal Order, dated December 6, 2017 ordering PULIDO removed to Mexico; and (ii) two Record of Deportable/Inadmissible Alien (Form I-213), dated February 9, 2016 and December 6, 2017, where PULIDO stated he is a national and citizen of Mexico.

       8.   Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

       9.   On or about February 13, 2025, I reviewed the results of a query sent to the National Crime Information Center ("NCIC") database. Based on my training and experience, I know that the NCIC database tracks and records arrests and convictions of individuals according to an individual's State Identification number. The NCIC query confirmed that PULIDO had been convicted of the crimes contained in PULIDO's DHS A-File as described by DO Bolivar.

10.  On or about February 13, 2025, I reviewed printouts from ICE computer indices on PULIDO. Based on my training and experience, I know that ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that PULIDO had been removed, deported, and/or excluded on or about the date indicated on the Warrant of Removal/Deportation found in PULIDO's DHS A-File as described by DO Bolivar. The ICE computer indices further indicated that PULIDO had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to reenter the United States.

11.  Based on my review of the printouts of ICE computer indices with respect to PULIDO, I determined that it does not contain any record of him ever applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States. DO Bolivar made the same conclusion following her review of PULIDO's A-File. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in PULIDO's DHS A-File or in the ICE computer indices.

### IV. <u>CONCLUSION</u>

12.  For all the reasons described above, there is probable cause to believe that OMAR PULIDO BASTIDA has committed a

5

violation of Title 8, United States Code, Sections 1326(a),

Illegal Alien Found in the United States Following Deportation

with a Prior Aggravated Felony Conviction.


Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 15th day of
February, 2025.

_____
HONORABLE ALICIA G. ROSENBURG
UNITED STATES MAGISTRATE JUDGE